IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-00033-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. **JAMSHID MUHTOROV,**
  **a/k/a Abumumin Turkistony,**
  **a/k/a Abu Mumin,**

       Defendant.

_____

**MOTION TO SUPPRESS FISA ACQUIRED
EVIDENCE FOR PURPOSES OF DETENTION**
_____

       Mr. Muhtorov, through counsel, Brian R. Leedy, Assistant Federal Public Defender, and pursuant to 50 U.S.C. §§ 1806(e) and 1825(f), respectfully requests the suppression of any evidence obtained or derived from electronic surveillance or physical searches conducted pursuant to the Foreign Intelligence Surveillance Act (FISA) (50 U.S.C. §§ 1801-1811, 1821-1829), sought to be offered into evidence, or otherwise used or disclosed, by the government for purposes of seeking detention. As grounds he states as follows:

       1.     On February 7, 2012, the government filed a "Notice of Intent to Use Foreign Intelligence Surveillance Information," stating their intent to "offer into evidence or otherwise use or disclose in any proceedings in the above captioned matter information obtained and derived from electronic surveillance and physical search conducted pursuant to" FISA. The government's notice was provided pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), which refer to the notification requirements for the use

of FISA information acquired from electronic surveillance and physical searches, respectively.  Doc. 12.

2.      50 U.S.C. §§ 1806(e) and 1825(f) provide that "[a]ny person against whom evidence obtained or derived from" FISA acquired electronic surveillance or physical search "to which he is an aggrieved person[1] is to be, or has been, introduced or otherwise used or disclosed in any trial, hearing, or other proceeding in or before any court . . . may move to suppress the evidence obtained or derived from such search on the grounds that the information was unlawfully acquired; or the physical search was not made in conformity with an order of authorization or approval."[2]

3.      Counsel for Mr. Muhtorov understands that the government will seek to use evidence obtained or derived from FISA acquired electronic surveillance or physical searches for purposes of seeking detention at the hearing scheduled for February 14,

---

[1] An "[a]ggrieved person" is "a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance."  50 U.S.C § 1801(k)

[2] 50 U.S.C. 1806(f) and 1825(g) provide that whenever a court is notified of the government's intent to enter into evidence, or otherwise use, information obtained through electronic surveillance or physical searches made pursuant to FISA, or whenever any motion to suppress such evidence is made pursuant to 50 U.S.C. 1806(e), or 1825(f), the "United States district court . . . shall, notwithstanding any other provision of law, if the Attorney General files an affidavit under oath that disclosure or any adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order, and such other materials relating to the physical search as may be necessary to determine whether the physical search of the aggrieved person was lawfully authorized and conducted."  50 U.S.C. 1806(f) and 1825(g) further provide that "[i]n making this determination, the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the physical search, or may require the Attorney General to provide to the aggrieved person a summary of such materials, only where such disclosure is necessary to make an accurate determination of the legality of the physical search."

2012, at 9:00 a.m.. Specifically, counsel understands that the government may seek to introduce information contained in the Affidavit contained in Attachment A to the Complaint filed on January 19, 2012, via proffer. Doc. 1, Attachment A. It is the understanding of counsel that some or all of the information contained in the affidavit was acquired pursuant to FISA.

Wherefore, Mr. Muhtorov, through counsel, moves to suppress any evidence obtained or derived from electronic surveillance or physical searches conducted pursuant to FISA sought to be offered into evidence, or otherwise used by the government for purposes of seeking detention.

                Respectfully submitted,

                RAYMOND P. MOORE
                Federal Public Defender

                s/ Brian R. Leedy
                BRIAN R. LEEDY
                Assistant Federal Public Defender
                633 Seventeenth Street, Suite 1000
                Denver, Colorado  80202
                Telephone:   (303) 294-7002
                FAX:           (303) 294-1192
                Brian.Leedy@fd.org
                Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2012, I electronically filed the foregoing

**MOTION TO SUPPRESS FISA ACQUIRED
EVIDENCE FOR PURPOSES OF DETENTION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gregory A. Holloway
Assistant U.S. Attorney
Email: gregory.holloway@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Jamshid Muhtorov *(Via U.S. Mail)*

s/ Brian R. Leedy
BRIAN R. LEEDY
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:   (303) 294-7002
FAX:            (303) 294-1192
Brian.Leedy@fd.org
Attorney for Defendant