IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-00033-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     JAMSHID MUHTOROV,

       Defendant.

_____

**DEFENDANT'S MOTION REQUESTING HE BE PLACED IN THE FDC
GENERAL POPULATION WHILE IN PRETRIAL CONFINEMENT**
_____

Jamshid Muhtorov is charged in a one count indictment with providing and attempting to provide material support to the Islamic Jihad Union, or I.J.U., a foreign terrorist organization.

Mr. Muhtorov is being held under an order of pretrial detention at the Federal Correctional Institution, Englewood, Colorado. He has been placed in administrative segregation, or the segregated housing unit (SHU), at the prison, and has thus far not been moved to the general population at the adjacent Federal Detention Center, or FDC, where pretrial detainees are routinely held.[1]

For Mr. Muhtarov administrative detention means he is locked down 24 hours a day. He has no reading materials. He has not been provided a Koran in a language he can read. (Mr. Muhtrorov is a Muslim. His primary languages are Uzbek and Russian. His ability to read, write, and speak English is limited.)

---

[1] A detention hearing has been scheduled for Tuesday, February 14, 2012, at 9:00 a.m., before a U.S. Magistrate Judge.

In administrative segregation, Mr. Muhtorov's access to a telephone (there is, obviously, no phone in his cell) is restricted. He has been unable to call his wife, and, unlike the case with detainees at the FDC, there is no phone line available to him providing ready, toll free, access to this office.

Counsel contacted the U.S. Marshal's Office to ask if Mr. Muhtorov could be moved to the general population at the FDC. He was told that, despite the fact Mr. Muhtorov is a pretrial detainee, and not a sentenced prisoner, the decision regarding where he should be housed was the institution's.

While the government can lawfully incarcerate persons awaiting trial on criminal charges it cannot, in effect, punish them before they have been found guilty. *Bell v. Wolfish*, 441 U.S. 520, 534–35, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "Any particular condition or restriction of pretrial detention [should be] reasonably related to a legitimate governmental objective." *Id.* at 538–39.

28 CFR 541.22, one of the regulations dealing with institutional management in the U.S. Bureau of Prisons, is entitled "Status when placed in the SHU," and reads as follows:

> When placed in the SHU, you are either in administrative detention status or disciplinary segregation status.
>
> (a) Administrative detention status. Administrative detention status is an administrative status which removes you from the general population when necessary to ensure the safety, security, and orderly operation of correctional facilities, or protect the public. Administrative detention status is non-punitive, and can occur for a variety of reasons.

(b) Disciplinary segregation status. Disciplinary segregation status is a punitive status imposed only by a Discipline Hearing Officer (DHO) as a sanction for committing a prohibited act(s).

Mr. Muhtorov has committed no disciplinary infraction. This means his placement in the SHU must be administrative. 28 CFR 541.23, advises inmates that

You may be placed in administrative detention status for the following reasons:

(a) Pending Classification or Reclassification. You are a new commitment pending classification or under review for Reclassification.

(b) Holdover Status. You are in holdover status during transfer to a designated institution or other destination.

(c) Removal from general population. Your presence in the general population poses a threat to life, property, self, staff, other inmates, the public, or to the security or orderly running of the institution and:

(1) Investigation. You are under investigation or awaiting a hearing for possibly violating a Bureau regulation or criminal law;

(2) Transfer. You are pending transfer to another institution or location;

(3) Protection cases. You requested, or staff determined you need, administrative detention status for your own protection; or

(4) Post-disciplinary detention. You are ending confinement in disciplinary segregation status, and your return to the general population would threaten the safety, security, and orderly operation of a correctional facility, or public safety.

The only sections that might apply to Mr. Muhtorov, and this is just a guess, are (a) that he is pending classification or reclassification, or (c) that his presence in the general population poses a threat to life, property, self, staff, other inmates, the public, or to the security or orderly running of the institution.[2]

Another, related, section of 28 CFR, 541.27, provides for placement of a detainee in administrative detention status if staff believe "[b]ased on evidence, [the inmate's] safety may be seriously jeopardized by placement in the general population." If the detainee is placed in segregation on this basis, he is entitled to a hearing "within seven calendar days" to determine if there are reasons justifying the placement. 28 CFR 541.27(d).

Mr. Muhtorov has been at the FCI Englewood since about Thursday or Friday of last week, February 2 or 3, 2012. As far as counsel knows, he has had no such hearing. On a practical note, no one at the institution speaks Russian or Uzbek, or, if they do, Mr. Muhtorov has not met them. Given his very limited grasp of English, it is unlikely Mr. Muhtorov could understand what was happening at a hearing even if one took place.[3]

---

[2] This section of 28 CFR 541.23 requires not just that the person pose a threat, but also that he be under investigation or awaiting a hearing for violating a Bureau regulation or criminal law (Mr. Muhtorov is not), be pending transfer to another institution or location (Mr. Muhtorov is not), requested, or was determined to need, administrative detention status for his own protection (Mr. Muhtorov made no such request), or is ending confinement in disciplinary segregation status (Mr. Muhtorov is not).

[3] Mr. Muhtorov reports that after being locked in the SHU, he was asked by persons he describes as "guards" to sign a paper. The document was in English, so Mr. Muhtorov is unsure what it was exactly. Although counsel has not seen this document, it is possible it was the administrative detention order detailing the reasons for Mr. Muhtorov's placement. *See* 28 CFR 541.25 (a).

District Courts have the power to examine the reasons for a pretrial detainee's placement in segregation. *See, e.g., United States v. Catalan-Roman* 329 F.Supp.2d 240, 253 -254 (D.Puerto Rico,2004); *United States v. Gotti* 755 F.Supp. 1159, 1164 (E.D.N.Y.,1991) (fact that pretrial detainees were charged with multiple murders, conspiracy and solicitation to murder, and obstruction of justice, including witness tampering, did not justify their placement in administrative detention, in absence of evidence that since detainees had been in custody they committed an act or omission which posed a serious threat to inmates or to security of institution); *United States v. Suleiman*, No. 96 CR 933 WK, 1997 WL 220308 (S.D.N.Y. April 1, 1997) (no justification for placing World Trade Center bombing defendant in administrative detention on the basis of alleged perjury during grand jury proceedings and association with individual convicted for role in World Trade Center bombing).[4]

And, while prison authorities' reasons (whatever they are here) for placing a pretrial detainee in segregation may be entitled to deference, the authorities "are not afforded unbridled discretion [even if] the detainee is either notorious or newsworthy or both." *Boudin v. Thomas*, 533 F.Supp. 786, 791 (S.D.N.Y.1982).  "[D]ue deference does not mean blind deference." *United States v. Gotti, supra*.

---

[4] The defendants in *Gotti*, *Suleiman*, and *Catalan-Romano* were all facing charges of attempted or actual crimes against persons in the United States. By contrast, "the government does not allege that Muhtorov was plotting attacks against any targets in the United States." F.B.I. Press Release dated January 23, 2012.

Jamshid Muhtorov is presumed innocent. The conditions of his pretrial detention thus far are different from (meaning far worse than) those experienced by pretrial detainees held at the FDC Englewood. They are so oppressive as to amount to punishment before he has been found guilty, and are, consequently, impermissible. *See Bell v. Wolfish*, 441 U.S. 520, 534–35, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

This Court should intervene to direct the U.S. Marshal and Warden of the FCI Englewood to release Mr. Muhtorov from administrative segregation and transfer him to the Federal Detention Center for the remainder of the time he is in pretrial detention.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Warren R. Williamson
WARREN R. WILLIAMSON
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Rick.Williamson@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 8, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Gregory A. Holloway
  Assistant U.S. Attorney
  Email: gregory.holloway@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Mr. Jamshid Muhtorov  *(Via U.S. Mail)*

  Rick Holden, DUSM
  U.S. Marshal's Service, Denver
  Email: rick.holden@usdoj.gov

  Rene G. Garcia, Warden
  FCI Englewood
  Email: rgarcia@bop.gov


            s/ Warren R. Williamson
            WARREN R. WILLIAMSON
            Assistant Federal Public Defender
            633 Seventeenth Street, Suite 1000
            Denver, Colorado  80202
            Telephone:   (303) 294-7002
            FAX:              (303) 294-1192
            Rick.Williamson@fd.org
            Attorney for Defendant