## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:12-cr-00033-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAMISHID MUHTOROV,
    a/k/a "Abumumin Turkisony",
    a/k/a "Abu Mumin",

    Defendant.

---

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS FISA ACQUIRED EVIDENCE FOR PURPOSES OF DETENTION**

---

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Greg Holloway, Assistant United States Attorney, responds to the defendant's Motion to Suppress FISA Acquired Evidence for Purposes of Detention [*Docket #14*], and states as follows:

First, the defendant's motion to suppress is inapplicable for purposes of the detention hearing as prescribed by 18 U.S.C. §3142(f)(2)(B) and established case law. Accordingly the government will proceed with the detention hearing set on February 14, 2012 with the reserved right to use FISA derived information as part of its proffer. Second, as for the litigation of the defendant's motion to suppress pursuant to 50 U.S.C. §§1806(e) and 1825(f), the government respectfully requests ninety days to respond to

the defense's motion to suppress. Furthermore, the government states that pursuant to 50 U.S.C. §§1806(f) and 1825(g), the matter must be considered and ruled upon by the District Court in camera and ex parte.

**Procedural Background**

On January 21, 2012, agents arrested Jamshid Muhtorov ("Muhtorov" or "the defendant") on a federal criminal complaint as he attempted to board a one-way flight leaving the United States from Chicago O'Hare en route to Istanbul, Turkey. *Document #1.* On January 23, 2012, with the assistance of Assistant Federal Public Defender Richard McLeese in Chicago, Muhtorov waived his identity and detention hearing in Chicago. Magistrate Judge Morton Denlow of the Northern District of Illinois ordered the defendant to be removed to the District of Colorado. *See Attachment 1, ND Illinois Case #12-CR-00053, Document #2.* On January 23, 2012, the grand jury sitting in Denver, Colorado returned an indictment against Muhtorov for a violation of 18 U.S.C. 2339B, Providing Material Support to a Foreign Terrorist Organization, in the form of personnel. *Document #5.* On February 2, 2012, Muhtorov made his initial appearance in the District of Colorado – ten days after being ordered removed from the Northern District of Illinois.

The government filed notice of its intent to use information derived under the Foreign Intelligence Surveillance Act ("FISA") against Muhtorov in these criminal proceedings on February 7, 2012. *Document #12.* That same day, Muhtorov was arraigned and defense counsel orally moved for a new detention hearing to be set on

February 14, 2012; and, for suppression of any FISA-derived information against Muhtorov under 50 U.S.C. 1806(e) and 1825(f).  Defense counsel filed his motion to suppress in writing on February 8, 2012.[1]  *Document #14.*

**Legal Analysis**

    **I.**    **A detention hearing may be held using FISA derived information while any FISA suppression litigation is pending with the District Court**

While the United States has no objection to holding a new detention hearing on February 14, 2012, it does so with the understanding that FISA-derived information may be used by the court in determining detention pursuant to 18 U.S.C. §3142(f)(2)(B).

Federal Rule of Evidence 1101(d)(3) states that the rules of evidence do not apply in miscellaneous hearings such as preliminary hearings, and including detention hearings.  See e.g., *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  Title 18 U.S.C. 3142, the statute governing federal detention hearings, states even more broadly that: "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. §3142(f)(2)(B).  In considering detention, courts have interpreted 3142(f) to allow the introduction of evidence that potentially may be suppressed; and, even allow the introduction of evidence that has been suppressed where the suppression is under appeal.  *United*

---

[1]  The title of the defendant's motion appears to try and limit his motion to suppress "for purposes of detention."  Undersigned government counsel is unaware of any authority to limit the purposes of a suppression motion, either by statute or case law.  Thus the government considers the defendant's motion under 50 U.S.C. §§1086(e) and 1825(f) as a motion to suppress FISA derived evidence pursuant to operation of the applicable statutes.

*States v. Cos*, 198 F. Appx. 727, 730 (10th Cir. 2006) (unpublished) (upholding the district court's consideration of the defendant's possession of a firearm in a detention hearing pending appeal, finding that the fact was still relevant and the government might successfully challenge the suppression on appeal); *United States v. Hightower*, 203 F.3d 836 (10th Cir. 2000) (upholding lower court's consideration of suppressed evidence in a detention hearing pending expedited appeal by the government).

Courts have generally held that any information gained pursuant to allegedly illegal wiretapping, or other alleged Fourth Amendment violation, can also be considered in a detention hearing.  For example, in *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), the magistrate court heard evidence derived from a wiretap that was conducted before court authorization was given. *Id.* at 744.  While the magistrate judge in *Apker* found this revelation "startling and disturbing," the court nonetheless properly considered the challenged information (as well as the strong likelihood that it would be suppressed) in determining whether the defendant was a risk of flight.  *Id.*  The Eighth Circuit upheld this ruling.  *Id.*  In *United States v. Angiulo,* 755 F.2d 969, 974 (1st Cir. 1985), the court found that:

> The provisions of federal law 'allow the disclosure of [information obtained through electronic surveillance] to the court conducting ... bail hearings,' at least until a court has decided that the material was not obtained legally. Otherwise, the challenge of a defendant to lawfully obtained materials might prove sufficient to keep highly relevant information from the judicial officer or to delay the initial bail hearing, contrary to the "immediacy" requirement of § 3142(f).

*Id.* at 974.

The specific impact of a motion to suppress FISA information on a preliminary hearing has been considered by only two courts. Both of these courts have concluded that FISA derived information can be considered by the ruling courts pending a resolution of the motion to suppress. In *United States v. Jamal,* 285 F. Supp. 2d 1221 (D. Ariz. 2003), the court held "[I]t is well settled that a magistrate may consider evidence at a detention hearing that is challenged by a defendant to have been illegally obtained at least until the judge determines whether it was, in fact, illegally obtained." *United States v. Jamal,* 285 F. Supp. 2d 1221 (D. Ariz. 2003), citing 18 U.S.C. 3142(f). *See also United States v. Al-Arian,* 280 F. Supp. 2d 1345, 1351 n.14 (M.D. Fla. 2003) ("The Defendants strenuously argue the government's use of any wiretap secured via FISA taps violates their Fourth Amendment guarantees. At this juncture, however, this Court is bound to consider the government's proof, no matter what future constitutional challenges the Defendants make.").

While the government has no objection to the detention hearing being set to after the conclusion of the FISA suppression litigation if that is the defendant's wish, it would be an absurd reading of 50 U.S.C. 1806(e) and 1825(f) to find that the statute requires that preliminary hearings be conducted after the conclusion of all suppression litigation. Such a reading would require all preliminary hearings—including a probable cause hearing and initial detention hearing which a defendant is entitled to receive in a timely way—to be delayed by a lengthy process of litigation. This interpretation of the requirements of 1806(e) and 1825(f) would be at odds with the informal and necessarily

speedy nature of a detention hearing. *See United States v. Acevedo-Ramos,* 755 F.2d 203, 206 (1st Cir. 1985) ("[T]he need for speed necessarily makes arraignments, 'probable cause' determinations, and bail hearings typically informal affairs, not substitutes for trial or even for discovery. Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it."). The proper way to proceed is to hold the detention hearing using the evidence which is currently being challenged pursuant to the procedures outlined in 18 U.S.C. §3142. The government intends to do just that, proceeding by proffer. *See United States v. Stricklin,* 932 F.2d 1353, 1354 (10th Cir. 1991) (finding that the government met its burden of persuasion supporting order of detention based upon its offer of proof). *See also United States v. Schmidt,* 297 Fed. Appx. 792, 793 (10th Cir. 2008) (unpublished) (upholding an order of detention based on evidence presented by proffer); *United States v. Austin,* 947 F.2d 954, *2, n. 2 (10th Cir. 1991) (stating that the facts at a detention hearing are properly established by proffer). The government also notes that the instant offense carries a presumption of detention subject to rebuttal by the defendant. 18 U.S.C. §3142(e)(3)(B). At some future date, the defendant can move to reopen the detention hearing under 3142(f)(2)(B) should circumstances currently not known to the defendant develop that impact the determination of detention.

**II. The process for responding to a motion to suppress FISA-derived evidence**

The defendant's FISA Suppression Motion triggers the procedures under Section 1806(f) and 1825(g) of FISA, which requires an in camera and ex parte review by the district court:

> whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under this chapter.

50 U.S.C. §1806(f)(in part).

Section 1806(f) in pertinent part provides that:

> the United States district court . . . shall . . . if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted.

In order to respond fully to the FISA Suppression Motions, the Government requires sufficient time to prepare or secure the documents supporting its response, including: 1) the Attorney General's Declaration and Claim of Privilege; 2) a classified

Declaration of the Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation, addressing particular issues of classified information in the FISA applications, which is a prerequisite to the Attorney General's Declaration and Claim of Privilege; and 3) a classified Declaration of an appropriate Supervisory Special Agent of the FBI regarding compliance with minimization procedures. In addition to the logistics of obtaining the supporting documentation called for under FISA, there is a sequence to them such that they cannot be prepared in parallel. For instance, the Attorney General cannot consider and assess the harm to the national security that disclosure or suppression would pose in this case until he is advised of such by the FBI. That advice is provided to the Attorney General by means of a detailed classified declaration that notes the sensitive sources of intelligence that are involved in a particular investigation, the detailed manner and means of gathering intelligence that was used and that would be compromised, and the harm to the United States' vital interests posed by disclosure.

Furthermore, the Government's Response to the defense motions must address classified information that can only be alluded to in this public pleading. That classified information will be provided to the Court in the form of a classified declaration of a Supervisory Special Agent of the FBI; there is a classified section in the Government's Response that addresses the facts contained in the Agent's Declaration, and which cannot be finalized until that Declaration has been finalized by the FBI, and provided for incorporation and reference. Thus, the Government must coordinate its response with

various entities, including the Office of Intelligence; the Office of the Attorney General; and the Federal Bureau of Investigation (both Headquarters components and Field assets).

In brief, there is a logical sequence to the events that precludes the Attorney General from considering the harm to national security until he is fully advised of the likely ramifications by a high-ranking official of the FBI. There is a corresponding sequence that precludes the finalization of the Government's classified Response until the FBI's components have conducted a detailed review of the collected material and prepared the Agent's classified Declaration. Finally, the process culminates in the government's preparing an unclassified version of its response for public filing, which is based upon – and cannot be accomplished without – the final version of the classified response. The logistical issues involved in the filing of both a classified and an unclassified pleading unfortunately warrant a significant period of time in which the government can prepare its response.

Given the intricacies of the instant matter and based on its experience in such matters, the Office of Intelligence has advised that setting the filing date for the government's responses at about 90 days from the court's ruling should allow the government sufficient time to fully coordinate the preparation and review of these interdependent documents from the relevant government officials and to comprehensively brief the Court on the facts related to the FISA derived evidence. The government's request is limited solely to a response related to the defendant's FISA

Suppression Motion.

Respectfully submitted this 10th day of February, 2012.

JOHN F. WALSH
United States Attorney

 s/ Greg Holloway
By:    GREG HOLLOWAY, WSBA #28743
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Facsimile: 303-454-0403
Email: Gregory.Holloway@usdoj.gov

 s/ Jason Kellhofer
By:    JASON KELLHOFER
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10th Street & Pennsylvania Avenue, NW
Room 2740
Washington, DC 20530
Telephone: 202-353-7371
Facsimile: 202-353-0778
Email: Jason.Kellhofer@usdoj.gov

 s/ Erin Creegan
By:    ERIN CREEGAN
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10th Street & Pennsylvania Avenue, NW
Room 2740
Washington, DC 20530
Telephone: 202-353-7371
Facsimile: 202-353-0778
Email: Erin.Creegan@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of February, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS FISA ACQUIRED EVIDENCE FOR PURPOSES OF DETENTION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brain R. Leedy
     Email: Brian_Leedy@fd.org

Warren R. Williamson
     Email: Rick_Williamson@fd.org

*S/ Maureen Carle*
MAUREEN CARLE
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Email: Maureen.Carle@usdoj.gov