IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:12-cr-00033-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAMSHID MUHTOROV,
    a/k/a "Abumumin Turkistony",
    a/k/a "Abu Mumin",

    Defendant.

___

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY**
___

COMES NOW the United States of America, through the undersigned counsel, and moves this Honorable Court for a protective order pursuant to Federal Rules of Criminal Procedure 16 ("Rule 16"). Rick Williamson, counsel for Defendant Jamshid MUHTOROV, has been consulted and has no objection to the entry of the proposed protective order as it relates to the "sensitive discovery materials" as described below.

Background

On January 23, 2012, an Indictment was returned in the above matter charging Defendant MUHTOROV with a single count of Providing Material Support to a Designated Foreign Terrorist Organization in violation of Title 18, United States Code,

Section 2339B.  The matter is presently scheduled for jury trial on April 9, 2012.  The speedy trial limits as contemplated by 18 U.S.C. § 3161 are currently tolled by the filing of a number of motions currently pending, including a pending motion by the defendant to suppress evidence obtained pursuant to the Foreign Intelligence Surveillance Act ("FISA") [*Docket #14*].  *See* 18 U.S.C. §3161(h)(1)(D).

## Legal Analysis

By this motion, the government respectfully requests that the Court enter a protective order pursuant to the authority provided in Rule 16(d) of the Federal Rules of Criminal Procedure.  A proposed Order is attached.  This Order relates to discovery that may be produced by the government to the defense, including recorded conversations, summaries and transcripts of those conversations; reports of interviews (referred to as "FBI 302s"); toll records; transcripts of grand jury testimony; and other documents.  The documents to be produced by the government fall into two categories.  The first category is the discovery materials typical in a criminal case, which are referred to as "general discovery materials."  A second category is declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendants or defense team in this case.  Such declassified materials are collectively referred to as "FISA Information," and the category of material is referred to as "sensitive discovery material."  The category to which particular discovery materials belong shall be clearly identified by

the government.

By its terms, Rule 16 of the Federal Rules of Criminal Procedure contemplates that discovery material exchanged between the parties will be done informally and not channeled through the public record. A request is made by one party and the other party complies. This procedure is reinforced by local standard discovery orders which provide that the parties should conduct discovery informally amongst themselves without involvement of the Court (unless there is an unresolvable dispute).

Rule 16(d) provides that the district court may, for good cause, deny, restrict or defer discovery or inspection or grant other relief including the issuance of protective or modifying orders. By this motion, the government seeks a protective order to ensure that disclosure of the sensitive information is limited to members of the defense team for their use in preparing for trial. Such protection is needed due to the sensitive nature of the information and the privacy concerns of possible witnesses.

Lawyers are, of course, subject to requirements of confidentiality during the period of preparation for trial. *See United States v. McVeigh*, 918 F. Supp. 1452, 1459 (W.D. Ok. 1996). "The attorney-client privilege and the work product doctrine protect some information from opposing counsel. The Department of Justice has used its rule-making authority to restrict public release of information in 28 C.F.R. § 50.2. Professional ethics applicable to advocates as officers of the court limit what all counsel may reveal publicly." *Id.* As noted by the court in *McVeigh*, "[t]hese provisions are necessary to assure the fairness of the proceedings and to emphasize that trials are

conducted inside the courtroom under the supervision of the presiding judge rather than on the courthouse steps." *McVeigh*, 918 F. Supp. at 1460.

Because discovery is solely for the purpose of preparation for trial, normally a protective order is not needed to ensure that materials provided in discovery are not disclosed to the public (including the media, publishers, and others).  In an abundance of caution, however, the government seeks this protective order regarding disclosure of the sensitive information to ensure that all parties are aware of the limitations on disclosure of discovery material.

In this case, notwithstanding the limitations built into Rule 16 itself, it is entirely appropriate to enter the proposed Order.  Given the sensitive nature of the information, as well as the privacy concerns of other possible parties and witness, there is "good cause" and it is appropriate to extend this special protection to the sensitive information.  By its terms, the proposed Order strikes the appropriate balance between the government's security and privacy concerns and the defense teams' need to receive, process, analyze and use the information.

Additionally, as discussed above, the discovery involves persons who have not been charged as defendants in this case.  "Persons who have not been charged as defendants in a criminal case have a recognized right of privacy in not being named as unindicted co-conspirators in an indictment or being identified and accused by the Government of criminal activity where such accusations are not directly relevant to the proceedings." *United States v. Smith*, 602 F. Supp. 388, 398 (M.D. Pa. 1985).

In *Smith*, the press sought access to a document containing the list of names of unindicted co-conspirators which had been provided privately by the government to the defense. In reaching its decision not to disclose this document, the *Smith* Court analyzed *Seattle Times Company v. Rhinehart*, 467 U.S. 20 (1984). The Court in *Seattle Times* noted that discovery is available to a litigant for the purpose of trial preparation and is not the sort of information traditionally available to the public. 467 U.S. at 33. Second, privacy interests of litigants and third parties may be impinged upon by public release of the materials. *Id.* at 35. The *Smith* court relied upon *Seattle Times* in determining not to disclose the document even though *Seattle Times* discussed discovery in a civil case utilizing Rule 26(c), Federal Rules of Civil Procedure, noting that the civil rule was similar to Rule 16(d)(1), which authorizes entry of protective orders in criminal cases.

Accordingly, while the disclosure of the sensitive information to the defendants and their respective teams is entirely appropriate, it is equally appropriate for this Court to issue a protective order limiting release of the intercepted communications and/or FISA Information to only the defendants and their defense teams for their use in preparing a defense for trial. *See Alderman v. United States*, 394 U.S. 165, 184-85 (1969); *United States v U.S. Dist. Court for the Eastern Dist. of Michigan*, 407 U.S. 297, 324 (1972) (cases which held that disclosure of impermissibly intercepted conversations (without a Title III order) to defendants was required and that defendant and his counsel could be placed under "enforceable orders" against unwarranted disclosure of the

materials which they may be entitled to inspect).  *See also United States v. Saleeme*, 978 F. Supp. 386, 389 (D. Mass. 1997) (disclosure of all documents and records produced pursuant to the court's order or in discovery were subject to restrictions similar to those proposed in this case).

WHEREFORE, the United States respectfully requests that the Court grant this motion and enter the attached proposed protective order.

Respectfully submitted this 5th day of March, 2012.

JOHN F. WALSH
United States Attorney

 s/ Greg Holloway
By:   GREG HOLLOWAY, WSBA #28743
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Facsimile: 303-454-0403
Email: Gregory.Holloway@usdoj.gov

 s/ Jason Kellhofer
By:   JASON KELLHOFER
Trial Attorney
By:   ERIN CREEGAN
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10th Street & Pennsylvania Avenue, NW
Room 2740
Washington, DC 20530
Telephone: 202-353-7371
Facsimile: 202-353-0778
Email: Jason.Kellhofer@usdoj.gov
Email: Erin.Creegan@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2012, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY (together with [Proposed] Order)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Brain R. Leedy**
    Email: Brian_Leedy@fd.org

**Warren R. Williamson**
    Email: Rick_Williamson@fd.org


                      *S/ Maureen Carle*
                      MAUREEN CARLE
                      U.S. Attorney's Office
                      1225 Seventeenth Street, Suite 700
                      Denver, Colorado 80202
                      Telephone: 303-454-0100
                      Email: Maureen.Carle@usdoj.gov