**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:12-cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAMSHID MUHTOROV,
2.    BAKHTIYOR JUMAEV,

      Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS
FOR DISCLOSURE OR GRAND JURY MATERIALS**

---

      The United States of America, by and through John F. Walsh, United

States Attorney, and Greg Holloway, Assistant United States Attorney for the

District of Colorado; and, Erin Creegan, Trial Attorney in the Counterterrorism

Section of the National Security Division for the United States Department of

Justice, hereby responds to the Defendants' Motion for Disclosure of Grand Jury

Materials *(Document #s 201 and 203)* and states as follows:

**Introduction**

      On September 28, 2012, Defendant Jumaev filed a Motion for Disclosure of

Grand Jury Materials.  *Document # 201.*  The same day, Defendant Muhtorov

filed a separate motion adopting all arguments made by his co-defendant. *Document # 203.* On October 11, 2012, the parties met at a status conference in which the government requested a response date for pending motions of November 19, 2012. This date was chosen to coordinate with a discovery production and plea offers that had been extended to both defendants. Because of a delay in declassification of discovery due to inclement weather in Washington DC, the government extended the deadline for the defendants' response to the plea offer because the government wished to provide the additional discovery to the defendants for their consideration. To maintain a coordinated reply schedule, the government requested an extension of the motion response date to December 21, 2012. The plea offer deadlines have passed without notice of acceptance or rejection by either defendant. Accordingly, the government files the following reply to Defendants Jumaev and Muhtorov's motions.

As a preliminary matter, the defendants allege that this case occurs under the "shroud of secrecy of the Classified Information Procedures Act (CIPA)". *Defendant Jumaev's Motion for Grand Jury Materials, Document # 201, (hereafter cited as Mot.) at 2.* This characterization is neither a fair nor accurate description of the government's diligent work to provide full discovery to the defendants in this case. The utilization of CIPA to delete items which are not relevant and helpful to the defense, or to substitute the form of information in a

2

way that conveys information to the defense without betraying a national-security sensitive issue, is a fair accommodation proscribed for by law that addresses both the government's and the defendants' needs in criminal cases involving national security.  The government has not, and will not, be using CIPA to secret important information from the defense.  Instead, in this case the government is aggressively declassifying and providing materials to the defense as quickly as practicable.

The defendants' motion also accuses the government of invoking a "shroud of secrecy" via the Foreign Intelligence Surveillance Act (FISA). *Mot. at 8*.  Again this is neither a fair nor accurate characterization of events where the government already is aggressively declassifying and turning over FISA take of the defendants' statements; and, where the Court has lawfully suppressed information about the FISA process which is not relevant and helpful to the defendants' case, after carefully independently evaluating the legality of the surveillance. *See Order on Pending Motions Regarding FISA-Acquired Evidence, September 24, 2012, Document # 196.*

## Analysis

The defendants acknowledge the importance of grand jury secrecy.  *Mot. at 3*.  They also acknowledge that to overcome the requirement of grand jury secrecy, defendants must show a "particularized need." *Id.*   The particularized

need standard is defined in *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211

(1979).  Under the standard, the movant must demonstrate that the material

sought is:

> [N]eeded to avoid a possible injustice in another judicial proceeding, that
> the need for disclosure is greater than the need for continued secrecy, and
> that [the] request is structured to cover only material so needed....
> [Moreover], in considering the effects of disclosure of grand jury
> proceedings, the courts must consider not only the immediate effects upon
> a particular grand jury, but also the possible effect upon the functioning of
> future grand juries.

*Id.* at 222; *see also United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958).

Further, any disclosure "may include protective limitations on the use of the

disclosed material." *Douglas Oil Co.* at 223.  The party seeking disclosure has the

burden of proof with regard to establishing particularized need. *Id.*

　　　　In *In re Lynde*, the Tenth Circuit recognized a presumption exists against

disclosure of grand jury testimony unless the moving party satisfies the Supreme

Court's *Douglas Oil* test.  *In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991).

The Tenth Circuit set out stringent standards for the disclosure of grand jury

materials in *Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997), specifically

stating:

> The prerequisites for disclosure of grand jury materials are demanding.
> *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)
> (outlining standard for determining whether grand jury secrecy should be
> breached). Specifically, a party seeking grand jury materials must show (1)
> the materials are needed to avoid a possible injustice in another judicial

proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. *Lynde*, 922 F.2d at 1452: see also *In Re Eyecare Physicians of America*, 100 F.3d 514, 518 (7th Cir.1996). Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials. *Eyecare*, 100 F.3d at 518 (citing *Hernly v. United States*, 832 F.2d 980, 983-84 (7th Cir. 1987). Further, the request must amount to more " 'than a request for authorization to engage in a fishing expedition.' " *Id.* (quoting *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984))).

Disclosure will not be allowed upon a mere showing of relevance, nor for general discovery.  See *Procter & Gamble*, 356 U.S. at 681-82; *Hernly v. United States*, 832 F.2d 980, 984-85 (7th Cir. 1987); *Thomas v. United States*, 597 F.2d 656, 658 (8th Cir. 1979); *Petrol Stops Nw. v. United States*, 571 F.2d 1127, 1129 (9th Cir. 1978), *rev'd on other grounds sub nom.*, *Douglas Oil Co.*,  441 U.S. 211. In most cases, convenience, avoidance of delay, the complexity of the case, the passage of time, and expense also are insufficient reasons to justify disclosure. See *Smith v. United States*, 423 U.S. 1303, 1304 (1975); *Procter & Gamble*, 356 U.S. at 683; *United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir. 1980); *In re Grand Jury Matter*, 697 F.2d 511, 513-14 (3d Cir. 1982); *In re Disclosure of Evidence*, 650 F.2d 599, 602 (5th Cir. 1971) (per curium) *modified on other grounds*, 662 F.2d 362 (5th Cir. 1981); *In re Holovachka*, 317 F.2d 834, 837-38 (7th Cir. 1963), *aff'd*, 463 U.S. 418 (1983); *In re Sells*, 719 F.2d 985, 991 (9th Cir. 1983); *United States v. Liuzzo*, 739 F.2d 541, 545 (11th Cir. 1984).

"The Supreme Court has consistently 'recognized that the proper

5

functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.' " *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998) (quoting *Douglas Oil Co.*, 441 U.S. at 218); *see also United States v. Evans & Assocs. Constr. Co.*, 839 F.2d 656, 658 (10th Cir. 1988) (stating the policy that underlies the interests of secrecy of grand jury proceedings in federal courts). Generally, the most significant consideration that survives the termination of the grand jury investigation is that secrecy encourages witnesses to testify fully and honestly without fear of retribution.  This consideration should be given significant weight regardless of the status of the investigation.  *See Sobotka*, 623 F.2d at 767; *Illinois v. Sarbaugh*, 552 F.2d 768, 775 (7th Cir. 1977); *Petrol Stops Nw.*, 571 F.2d at 1128-29.

The typical instance of a particularized need is for impeachment material. *Mot. at 5*. Disclosure may be permitted when it is sought for use in refreshing the recollection, impeaching, or testing the credibility of witnesses at trial.  *See Procter & Gamble*, 356 U.S. at 683; *In re Grand Jury Matter (Catania)*, 682 F.2d 61, 66 (3d Cir. 1982); *Sarbaugh*, 552 F.2d at 776; *Texas v. United States Steel Corp.*, 546 F.2d 626, 631 (5th Cir. 1977); *United States v. McGowan*, 423 F.2d 413, 418 (4th Cir. 1970); *see also United States v. Parker*, 469 F.2d 884, 888 (10th Cir. 1972).  The government can represent that it has every intention of providing *Jencks/Giglio* information for its witnesses as the time at which such

6

disclosure is appropriate.

**Argument**

The defendants have not articulated any particularized need beyond case complexity. *Mot. at 6.*  This rationale is already refuted by the case law on the issue, *Procter & Gamble*, 356 U.S. at 683; *Liuzzo*, 739 F.2d at 545; and would swallow the grand jury secrecy rule if in nearly every case in which there is voluminous discovery, grand jury materials were to be turned over to the defendant as a matter of course.  In fact, the defendants' assertion that they require grand jury materials is undercut by the fact that voluminous discovery still is ongoing -- demonstrating how the defendants already have a great deal of information about their case.  Defendant Jumaev in particular goes on elucidate the fulsome discovery which already has been turned over to him pertaining to the time period in which the charged crime occurred (January 2011 to January 2012), including discovery of physical surveillance, intercepted conversations, trash searches, and Defendant Jumaev's confession (video taped and provided to counsel on DVD as well as documented in an FBI 302).  *Mot. at 7 – 9.*  The defendants' pro forma request is exactly the kind of request which the "particularized need" requirement was intended to prevent.

To argue that, without the grand jury materials, the defendants cannot know whether accurate information was presented and used to indict, is circular.

7

*Mot. at 9*.  Ordinarily, in order to seek production of grand jury materials, the defendant must show that there is some reason to doubt the veracity of the information presented to the grand jury first.  A presumption of regularity attaches to grand jury proceedings.  *See United States v. Capozzi*, 486 F.3d 711, 726-27 (1st Cir. 2007) (defense moved for grand jury transcripts to prove that government failed to make adequate showing of interstate commerce; presumption of regularity attaches to grand jury proceedings and courts will not look behind indictment to examine adequacy of evidence; thus district court properly denied motion seeking "proof" of nonjusticiable issue); *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980); *United States v. West*, 549 F.2d 545, 554 (8th Cir. 1977).  The party charging an abuse of the grand jury process carries a heavy burden even to get a hearing on the allegations.  *See United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983); *In re Special April 1977 Grand Jury*, 587 F.2d 889, 892 (7th Cir. 1978).  The defendant may not seek disclosure as a fishing expedition for fodder for a motion to dismiss the indictment. *See United States v. Bucio*, 377 F. App'x 782, 788 (10th Cir. 2010).

Defendant Jumaev's counsel even intimates – without any basis whatsoever – that he needs grand jury material to "determine" if there was any prosecutorial misconduct by discovering whether statements of an exculpatory nature were presented to the grand jury.  *Mot. at 9.*  Although not required by law,

and there being no factual basis for the defendants' instant motion, government counsel nonetheless seeks to disclose the grand jury testimony of Special Agent Donald Hale at this time to dispel this meritless and reckless insinuation. *See Grand Jury Testimony of FBI SA Donald Hale, February 28, 2012, p. 22.*

The defendants argue that the government has turned over only one transcript of a verbatim translation for the dozens of recordings it has produced. *Mot. at 8.* While technically true as it pertains to a word for word translation of audio communications, the defendants' argument is misleading. The defendants' motion fails to mention that the government has provided translation summaries (also called "tech cuts") and notes for every audio recording produced to the defendants. Likewise, their motion fails to describe the government's production of multiple email communications and accompanying translations. As the government indicates in response to defendants' joint motion for statements, it has no obligation to perform translation services for the defendants, but is making every effort to produce the translations it does perform to the defendants as quickly as it can where they are discoverable and not subject to deletion or substitution under CIPA. For example, in addition to the audio and email communications described above, the government has provided translations and complete copies of foreign language documents seized pursuant to a search warrant from Defendant Muhtorov's suitcase at the time of his arrest.

9

To lament that the defense "does not have full access to the nature of the evidence the government intends to use at trial", *Mot. at 10*, at this juncture is an inaccurate, unrealistic and unfair characterization of the discovery process in cases involving national security – especially in this case where the government is providing voluminous discovery on a rolling schedule as quickly as it can.  To date over 2,800 pages of discovery material has been declassified and produced to the defendants, including more than 1,800 pages deemed sensitive discovery materials – most of which consist of translation summaries and/or notes.

Notwithstanding that the case law provides absolutely no support for the defendant's request for grand jury materials at this time, the government can nonetheless represent that only two witnesses have appeared before the grand jury, a lay witness, and a government witness:  FBI Special Agent Donald Hale. The government will turn over the testimony of Special Agent Donald Hale to the defendants.  However, the government does not intend to turn over the statements of the lay witness until and unless the government decides to use that person as a trial witness, and *Jencks/Giglio* disclosure is due.  This is to protect the integrity of grand jury secrecy, particularly, as discussed above, the encouragement of lay witnesses to testify fully and fairly in this setting without fear of recrimination.  *Procter & Gamble*, 356 U.S. at 682.

In short, there is no "maze of secrecy" presented by FISA and CIPA, the

10

complexity of this case, or any other issue.  *Mot. at 10*.  There is no showing that

the defendant has a particularized need, or any need, for grand jury materials.

The government does not disagree that *Jencks/Giglio* or any other discoverable

materials must be turned over at the appropriate time, yet it will go one step

further and produce the testimony of Special Agent Donald Hale at this time.

*///*

*///*

**Conclusion**

For all the reasons stated above, the government requests that the defendants' motions be denied, except for an order authorizing the government to disclose the grand jury testimony of FBI Special Agent Donald Hale at this time.

Respectfully submitted this 20th day of December, 2012.

JOHN F. WALSH
United States Attorney


 s/ Greg Holloway
By:   GREG HOLLOWAY, WSBA #28743
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Facsimile: 303-454-0403
Email: Gregory.Holloway@usdoj.gov


 s/ Erin Creegan
By:   ERIN CREEGAN
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10th Street & Pennsylvania Avenue, NW
Room 2740
Washington, DC 20530
Telephone: 202-353-7371
Facsimile: 202-353-0778
Email: Erin.Creegan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR DISCLOSURE OR GRAND JURY MATERIALS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Brain R. Leedy**
 Email: Brian_Leedy@fd.org

**Warren R. Williamson**
 Email: Rick_Williamson@fd.org

**David B. Savitz**
 Email: savmaster@aol.com

 *S/ Maureen Carle*
 MAUREEN CARLE
 Legal Assistant
 United States Attorney's Office
 1225 Seventeenth Street, Suite 700
 Denver, Colorado 80202
 Telephone: 303-454-0100
 Email: Maureen.Carle@usdoj.gov