IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:12-cr-00033-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAMSHID MUHTOROV,
2.    BAKHTIYOR JUMAEV,

    Defendants.

**GOVERNMENT'S MOTION FOR TOLLING OF SPEEDY TRIAL PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(ii)**

    The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Greg Holloway, Assistant United States Attorney, files this Motion for an Exclusion of Time from Speedy Trial pursuant to a Declaration of Complexity Pursuant to 18 U.S.C. §3161(h)(7)(B)(ii), and states as follows:

    1.    The Court has already declared this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) on March 19, 2012.  *Docket #55 (Granting Docket #35).*  At that time, the Court specifically excluded 90 days

1

from the calculation of speedy trial.[1]  On October 1, 2012 the Court excluded an additional 90 days from speedy trial upon consideration of a written motion filed by the government.  *Docket #205 (Granting Docket #199).*

2. Subsequently, and in accordance with scheduling issues discussed at the October 11, 2012 status hearing, the government now respectfully requests an additional 120 days be excluded under the already established complexity designation.

3. Evidence of activities in this case involves court authorized electronic surveillance and physical searches pursuant to the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§1801 - 1811, 1821-1829.

4. The government intercepted a large number of the defendants' communications covering a substantial period of time.  Most of these communications are in Russian, Uzbek and Tajik languages.  Often, the intercepted communications are a mix of the these languages.  The government has provided the defendants with copies of these

---

[1] Speedy trial currently is tolled by pending motion. *See Docket #201, 203 and 264.*  The government files this instant motion in an abundance of caution to remain mindful of the requirements under 18 U.S.C. §3161.

        communications in foreign language along with accompanying summary translations and/or notes. The material is voluminous; and, the production of discovery in this case to the defense is ongoing.

5. Uzbek and Tajik translation services are extraordinarily limited. Likewise, while not as limited as Uzbek and Tajik, Russian translation services are also limited.

6. Discovery in this case also involves national security issues. Some evidence in this case will be, and has been, subject to the procedures outlined in the Classified Information Procedures Act ("CIPA"). The government already has filed motions related to CIPA and anticipates additional filings under CIPA as the case proceeds. Moreover, a large amount of discovery needs to be declassified before production to the defense.

7. As already found, the aforementioned factors cause this case to be extraordinarily unusual and complex. The nature of this prosecution and the existence of novel questions of fact and law make it unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. §3161.

8. Defense counsel for both defendants have been contacted about

their position on this request. Counsel for Defendant Muhtorov does not object. Undersigned government counsel briefly spoke with counsel for Defendant Jumaev who indicated that he did not object to a motion to toll speedy trial; however, the instant motion was not discussed in detail. Government counsel has not received a response as to Jumaev counsel's position about this specific pleading as of the time of filing the motion.[2] Should the Court grant the instant motion, the government respectfully requests that an additional 120 days be excluded from the speedy trial calculations.

It is undisputed that this case is extraordinarily unusual and complex. The nature of this prosecution and the existence of novel questions of fact and law make it unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. §3161. Accordingly, the government requests an additional 120 days be excluded from speedy trial calculations pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

---

[2] Undersigned counsel believes that Jumaev's counsel may be out of town and has intermittent access to email.

Respectfully submitted this 22nd day of February, 2013.

        JOHN F. WALSH
        United States Attorney

        s/ Greg Holloway
        By:   GREG HOLLOWAY, WSBA #28743
        Assistant United States Attorney
        United States Attorney's Office
        1225 Seventeenth Street, Suite 700
        Denver, Colorado 80202
        Telephone: 303-454-0100
        Facsimile: 303-454-0403
        Email: Gregory.Holloway@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2013, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR TOLLING OF SPEEDY TRIAL PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(ii)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brain R. Leedy
  Email: Brian_Leedy@fd.org

Warren R. Williamson
  Email: Rick_Williamson@fd.org

David B. Savitz
  Email: savmaster@aol.com


  *S/ Maureen Carle*
  MAUREEN CARLE
  Legal Assistant
  United States Attorney's Office
  1225 Seventeenth Street, Suite 700
  Denver, Colorado 80202
  Telephone: 303-454-0100
  Email: Maureen.Carle@usdoj.gov