IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12 -cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMSHID MUHTOROV AND BAKHTIYOR JUMAEV,

      Defendants.

_____

## DEFENDANTS' JOINT MOTION TO UNRESTRICT DOC. 742
_____

The defendants, jointly, and through undersigned counsel, move this Court to order that Defendants' Joint Reply in Support of their Motion for Notice of the Surveillance Techniques Utilized by the Government in its Investigation of Said Defendants ("Joint Reply") (Doc. 742), be unrestricted or unsealed in full, so that the defendants may treat this document as a public record, consistent with our country's tradition of open court proceedings.

The Joint Reply was filed in reply to the government's Consolidated Response to Defendants' Miscellaneous Motions for Notice ("Consolidated Response"). The government filed two versions of this pleading, one unrestricted (Doc. 711) and the other Level One restricted (Doc. 714).[1] The present dispute

_____

[1] The government's Consolidated Response concerns, as relevant here, Defendants' Joint Motion for Notice of the Surveillance Techniques Utilized by the Government in its Investigation

concerns whether there is any basis under the Court's Superseding Protective Order (Doc. 194) to restrict the defendants' Joint Reply. The government does not contend that the entire Joint Reply must remain under seal. But it has insisted that any portions of the Joint Reply that might be read to reference the redacted material on page 8 of the government's publicly filed Consolidated Response (Doc. 711)—in the section titled, "Requests for Notice of Surveillance Pursuant to Executive Order 12,333"—should be restricted.

Because the Joint Reply does not contain sensitive discovery information, the defendants believe there are no grounds to restrict public access to this pleading.

*   *   *

On April 27, 2015, the defendants filed their Joint Reply without restriction, because they believed then, as they do now, that none of its contents disclosed sensitive discovery material warranting sealing. Shortly after the Joint Reply was filed, government counsel contacted counsel for Mr. Muhtorov and expressed concern that certain portions of the Joint Reply might implicate the restrictions in the Court's Superseding Protective Order, specifically paragraph 10, requiring pleadings "that include or refer to sensitive discovery materials" be filed as restricted documents.

---

of Said Defendants.  ("Joint Motion for Notice") (Doc. 653), which was filed without restriction. Defendants' Joint Reply was filed in support of this motion.

2

Mr. Muhtorov's counsel agreed to restrict the Joint Reply, at least temporarily, in order to allow the parties to address the matter in an orderly fashion prior to any public disclosure. This action was taken to accommodate the government's concerns and to afford the parties sufficient opportunity to confer and discuss whether a compromise might be reached regarding what portions, if any, of the Joint Reply should remain restricted consistent with the Superseding Protective Order.

Counsel for the parties conferred extensively in an effort to resolve their disagreement, first by email, and subsequently in a lengthy conference call on May 11, 2015. During the call, government counsel addressed the portions of the Joint Reply they believed were inappropriate for public disclosure. There was discussion about redactions or substitute language that might address these concerns while preserving the integrity of the filing. In particular, the government proposed redactions on nine separate pages of the Joint Reply. The defendants, however, were not persuaded that the Joint Reply contained information that should properly be restricted from public access under the Superseding Protective Order, nor that the extensive redactions the government proposed were justifiable. Thus, while cordial and professional, these discussions did not result in the parties reaching an accord.

It remains the position of the defendants, Mr. Muhtorov and Mr. Jumaev, that nothing in the Joint Reply discloses sensitive discovery material as defined

3

by the Superseding Protective Order. The government disagrees. Rather than attempting to articulate the government's position(s), especially in this document, which is not filed under restriction, the Defendants ask that the Court rule on the issue. If the Court believes briefing is necessary, the Court could set an expedited schedule allowing each side, in restricted filings—if appropriate—to set out their respective positions.

Statutes and case law recognize that prosecutions may, in some instances, be subject to special restrictions when it comes to both discovery and what may be filed as public record. This Court's Superseding Protective Order acknowledges these limitations and directs the parties to respect them. Counsel for Messrs. Muhtorov and Jumaev have taken care throughout this case to comply with those rules and will continue to do so. But, as the Supreme Court has recognized, there is also a longstanding common law and First Amendment right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978); *see Press-Enterprise Co. v. Superior Court* (*Press-Enterprise II*), 478 U.S. 1, 9–14 (1986); *United States v. Pickard*, 733 F.3d 1297, 1302–04 (10th Cir. 2013).

These rights are at least as old as the Constitution, apply in both criminal and civil cases, and are "beyond dispute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059,

4

1066–67 (3d Cir. 1984)); *see Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–24 (2d Cir. 2006). Moreover, the defendants' right to a fair and open criminal proceeding under the Sixth Amendment overlaps with their right to speak about non-sensitive information in the record, including their own legal arguments, and thus depends upon public access to court filings. *See, e.g.*, *Press-Enterprise II*, 478 U.S. at 7. "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn,* 851 F.2d at 682.

The defendants understand these rights are not absolute. *See Nixon*, 435 U.S. at 597–98 (1978). But it is the government's burden to establish an "overriding interest" in sealing the material at issue, and in this instance that burden is not satisfied. *Press-Enterprise II*, 478 U.S. at 9. The portions of the Joint Reply that the government wishes to keep secret do not warrant a departure from our tradition of open courts. Indeed, the Joint Reply contains no information the disclosure of which would cross the boundaries of this Court's Superseding Protective Order. As a result, the Joint Reply should be unsealed and docketed as a public record.

Dated: May 22, 2015                    Respectfully submitted,

                                       VIRGINIA L. GRADY
                                       Federal Public Defender


                                       /s/ Warren R. Williamson
                                       Warren R. Williamson
                                       Assistant Federal Public Defender
                                       633 Seventeenth Street, Suite 1000
                                       Denver, Colorado 80202
                                       Telephone: (303) 294-7002
                                       Fax: (303) 294-1192
                                       Rick_Williamson@fd.org

                                       /s/Brian Rowland Leedy
                                       Brian Rowland Leedy
                                       Assistant Federal Public Defender
                                       633 Seventeenth Street, Suite 1000
                                       Denver, CO 80202
                                       Telephone:  303-294-7002
                                       Fax:  303-294-1192
                                       Brian_Leedy@fd.org

                                       /s/ Kathryn J. Stimson
                                       Kathryn J. Stimson
                                       Attorney at Law
                                       1544 Race Street
                                       Denver, CO 80206
                                       Telephone: (720) 638-1487
                                       kathryn@stimsondefense.com

                                       /s/ Patrick Toomey
                                       Patrick Toomey
                                       American Civil Liberties Union Foundation
                                       125 Broad St., 18th Floor
                                       New York, NY 10004
                                       Telephone: (212) 519-7816
                                       ptoomey@aclu.org

                                       *Attorneys for Jamshid Muhtorov*

6

/s/ David Barry Savitz
David Barry Savitz
Law Office of David B. Savitz
1512 Larimer Street, Suite 600
Denver, CO  80202
Telephone: (303) 825-3109
savmater@aol.com

/s/ Mitchell Baker
Mitch Baker, Attorney at Law
1543 Champa Street, #400
Denver, CO  80202
Telephone: (303) 592-7353
mitchbaker@estreet.com

*Attorneys for Bakhtiyor Jumaev*

**On the brief:**

Jameel Jaffer
Alex Abdo
Ashley Gorski
Attorneys at Law
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
Telephone: (212) 519-7816
Fax: (212) 549-2654
jjaffer@aclu.org

Mark Silverstein
Sara J. Rich
Attorneys at Law
ACLU Foundation of Colorado
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
Phone: (303) 777-5482;
Fax: (303) 777-1773
msilverstein@aclu-co.org

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

Gregory A. Holloway
Assistant U.S. Attorney
Email: gregory.holloway@usdoj.gov

Erin Martha Creegan
National Security Division for the U.S. Dept. of Justice
Email: erin.creegan@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Jamshid Muhtorov      *(Via U.S. Mail)*

Mr. Bakhtiyor Jumaev      *(Via U.S. Mail)*

/s/ Warren R. Williamson
Warren R. Williamson
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
Fax: (303) 294-1192
Rick.Williamson@fd.org

8