IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cr-33-JLK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. JAMSHID MUHTOROV,

       Defendant.
_____

ORDER DENYING MOTION FOR RECONSIDERATION OF BAIL (Doc. 783)
_____

KANE, J.

       This matter is before me on Defendant Jamshid Muhtorov's Motion for Reconsideration of Bail (Doc. 783), in which he asks that the issue of his pretrial detention be reopened, reexamined, and that he be released on conditions under the Bail Reform Act.  Mr. Muhtorov's Motion is based solely on the passage of time from his arrest to the present, a ground that under the circumstances of the present case, is insufficient to justify the relief requested.

       The criminal charges against Mr. Muhtorov are serious and complex. He is charged with four counts of providing, attempting to provide and engaging in conspiracy to provide material support to a designated foreign terrorist organization, the Islamic Jihad Union, knowing that the organization is a foreign terrorist organization and that it has engaged and continues to engage in terrorist activity and terrorism.  The maximum

sentence for each count is 15 years imprisonment and, if convicted, such sentences can run consecutively so that the maximum imprisonment to which Mr. Muhtorov is exposed is 60 years. He was arrested while attempting to leave the United States for Turkey, carrying cash and electronic equipment with him. The government alleges he had bidden members of his family farewell, indicating that any future contact might be in the afterlife. He has acknowledged membership or affiliation with the Islamic Jihad Union.

From the foregoing, concerns that Mr. Muhtorov presents a serious flight risk are *bona fide*. The serious nature of the charges; the severity of the penalties for conviction; the fact he was apprehended while in the process of leaving the country and destined for the Middle East carrying money and electronic equipment capable of being used by a terrorist organization; and the threat of violence implicit in these acts outweigh any liberty interest during this prosecution that Mr. Muhtorov might claim. Moreover, much of the pretrial delay has been occasioned by two significant factors: (1) the complex nature of the charges coupled with the conflux of national security with the administration of justice require the court and counsel to engage in significant research, analysis and exposition of legal issues in the face of unsettled areas of law especially related to the classification and declassification of information either evidential or leading to evidence that can be used at trial; and (2) that, as he is entitled to do and his attorneys are required to pursue with dedication and zeal, he has filed more than twenty pretrial motions, including some requiring evidentiary hearings and some requiring classified pleadings and discovery. Under these circumstances the time spent by the court, by the prosecution

and by the defendant cannot be considered unreasonable, unjust, or violative of due process of law.  The complexity of the case alone is the primary reason for the length of pretrial detention of this defendant and is therefore regulatory rather than punitive.

Finally, there is a complete absence of any indication that Mr. Muhtorov is being confined in order to punish him or thwart his exercise of his rights incident to a fair trial. The Government has responded promptly to all requests from the court and has labored to provide the defendant with discovery within the limitations of security regulations. Counsel for Mr. Muhtorov, in turn, have demonstrated diligence and zeal exceeding all acceptable standards of competence and the court has given prompt and intense effort to resolving all matters presented to it.  The court has personally examined reams of classified documents and records to determine whether they could assist the defense and therefore recommend that they be declassified.  Proceedings under the Classified Information Protection Act (CIPA) are likely necessary to complete discovery.

In sum, the balance of factors support the Defendant's continued detention.  It should not be discounted that Mr. Muhtorov is not a United States citizen and that the U.S. Immigration and Customs Enforcement has issued a detainer for him.  Should his release on bond be considered further, he would either be held in the custody of Immigration and Customs Enforcement pending the outcome of this case or, conceivably, be deported before prosecution of the superseding indictment.  In either event, the posting of bail would not produce the relief requested.

Mr. Muhtorov's Motion for Reconsideration of Bail Based on the Extraordinary

Length of Pretrial Detention (Doc. 783) is DENIED.

Dated this 19th day of August, 2015, at Denver, Colorado.

                                      *s/John L. Kane*
                                      SENIOR U.S. DISTRICT JUDGE