IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:12-00033-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JAMSHID MUHTOROV,

2.  BAKHTIYOR JUMAEV

    Defendants.

_____

**SECOND SUPERSEDING PROTECTIVE ORDER**
_____

WHEREAS, there is a compelling interest in preventing certain sensitive but unclassified discovery materials and other materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories:  (1) general discovery materials, and (2) sensitive discovery materials.  The category to which particular discovery materials belong shall be clearly identified by the government;

IT IS FURTHER ORDERED that as to Defendant Jamshid Muhtorov,[1] "general discovery materials" shall not be further disseminated[2] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense.  Notice of proposed dissemination to defense experts shall be provided directly to the Court *ex parte* and under seal and no dissemination to such experts shall be made until approved by the Court.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record.  In addition, the undersigned counsel of record for the defendant, any co-counsel, and any defense

---

[1] Defendant Jumaev is specifically excluded from the "general discovery materials" portion of this order, and remains under the conditions proscribed in the Superseding Protective Order, *Docket # 194*, for general discovery materials.

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.  This would not prohibit counsel from referencing or citing general discovery materials in any pleading filed with the Court.

investigator may show (but not provide copies of) any of such general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case;

IT IS FURTHER ORDERED that "sensitive discovery materials"[3] shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal and no dissemination to such experts shall be made until approved by the Court.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.  The government shall provide a hard copy of any sensitive discovery material appropriately so marked.  It is expressly understood that the undersigned attorneys of record for the defendant may not show any of such sensitive discovery materials to witnesses or potential witnesses.  The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to show particular identified item(s) to a witness and the purpose in

---

[3] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case.  Such declassified materials shall be collectively referred to as "FISA Information."

doing so.  The Notice shall be under seal.  No disclosure of the item(s) to the witness(es) shall be made until the Court so permits.  The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government.  Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case.  Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order.  Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission.";

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense and that none of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media;

IT IS FURTHER ORDERED that none of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media by the government;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive

discovery materials shall be filed under seal;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that defense counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that all copies of the June 17, 2015 hearing transcript possessed by the defendants, their counsel, and any persons to whom they have disseminated it shall be returned to the Court's Classified Information Security Officer ("CISO"), or her designee, no later than December 9, 2015.   This includes all copies of the transcript in any form; including print, electronic, or any other form of media and/or storage.   All electronic copies possessed by the defendants, defense counsel and any persons to whom they have disseminated it which are stored on servers, in electronic office files, or otherwise in any way that cannot be returned to the CISO or her designee, must be permanently deleted in a manner that ensures they cannot be retrieved.

IT IS FURTHER ORDERED that the CISO or her designee shall provide redacted

copies of the June 17, 2015 hearing transcript to the defense upon a certification by defense counsel for both defendants that all copies of the transcript have either been returned or permanently deleted.  It shall not be sufficient for this certification that defense counsel merely affirms that all copies of which they are aware have been returned or permanently deleted.  Defense counsel must inquire with each person who received copies of the unredacted June 17, 2015 hearing transcript as to the copies they possess and the disseminations they have made, and ensure that each person return or permanently delete any copies of the transcript as set out above.

IT IS FURTHER ORDERED that the defense not further disseminate, use, nor reference the content of any material which appeared in the unredacted form of the June 17, 2015 hearing transcript but does not appear in the redacted form, either in this case or any other case, or otherwise.  The material has been classified and may not appear in any court filing or be discussed in any public hearing.

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

DATED this 11th day of January, 2016.

SO ORDERED:

_____
JOHN L. KANE
Senior U.S. District Court Judge