**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 12-cr-00033-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAMSHID MUHTOROV,
2. BAKHTIYOR JUMAEV,

    Defendant.

**UNITED STATES' NOTICE OF INTENT TO RELY ON FRE 902(14) TO AUTHENTICATE CERTAIN COMMUNICATIONS**

The United States of America, through undersigned counsel, respectfully provides notice that it intends to rely on the recently amended Fed. R. Evid. 902(14) to authenticate certain communications. The government has provided the attached certifications signed by special agents with the Federal Bureau of Investigation. Based on the amended Rule, effective December 1, 2017, and the attached certifications, the government submits that the communications are self-authenticating. Accordingly, the government does not intend to call witnesses to establish the authenticity of the communications referred to in the attached affidavits.

Amendments to Federal Rules of Evidence 902(13) and (14) became effective December 1, 2017.  The purpose of the amendments was to recognize that certain digital evidence is reliable and to simplify the process for authenticating digital evidence.  No witness is needed to authenticate digital evidence that falls within the scope of the amended rule.

Rule 902 provides that some evidence is self-authenticating and requires no extrinsic evidence to be admitted.  The provision at 902(14) relates to certified data copied from an electronic device, storage medium or file, and provides as follows:

> Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12).  The proponent also must meet the notice requirements of Rule 902(11).

The details outlined in the attached certifications establish that the emails and phone communications fall within the rule and are self-authenticating without extrinsic evidence.

Although the government intends to rely on the amended rule to authenticate the communications referred to in the attached affidavits, the government fully acknowledges that the amended rule does not preclude defense objections to admissibility based on other grounds such as hearsay.

The government is prepared to articulate and rely on exceptions to the hearsay rule to perfect the admission of the communications.  For instance, some of the communications constitute an admission of a party-opponent, a statement of existing state of mind (such as motive, intent, or plan), or a co-conspirator's statement.

In some instances, the government may offer the communications for a purpose other than establishing the truth of the matter asserted to provide context to a defendant's statements, show the relationship of the parties and their custom in communicating, and show the effect on the listener.  Thus, the statements would either not constitute hearsay or would fall under a hearsay exception.   In addition, with respect to the machine-generated headers in the emails (such as the "to," "from," and "date" lines), the hearsay rule is not implicated.  Indeed no "person" made a "statement" to create the headers.  *See, e.g.*, *United States v. Hamilton*, 413 F.3d 1138, 1142-43 (10th Cir. 2005).  The header information is computer-generated.

The government previously alerted defense counsel of the intent to rely on the amended rule.  Now, defense counsel also has the certifications.  In addition, the government long ago provided defense counsel with a copy of the transcript of the testimony of the agents who signed the attached certifications.  With these transcripts, the defense has even additional information about the reliability of the

process for intercepting communications.  Intercepted communications were admitted following that testimony in *United States v. Kurbanov* in the District of Idaho.  Where FRE 902 was amended specifically to allow the admission of digital evidence without a witness, the government intends to rely on the rule.  To the extent defense counsel intends to object on grounds of authenticity (as opposed to other grounds), the government requests to know in advance of trial.

Respectfully submitted this 19th day of December, 2017.

        ROBERT C. TROYER
        United States Attorney

        *s/ Beth Gibson*
        BETH GIBSON
        GREG HOLLOWAY
        Assistant United States Attorneys
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: 303-454-0100
        Email: Beth.Gibson@usdoj.gov
        Email: Gregory.Holloway@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2017, I electronically filed the foregoing **UNITED STATES' NOTICE OF INTENT TO RELY ON FRE 902(14) TO AUTHENTICATE CERTAIN COMMUNICATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Kathryn Stimson**
    Email: kate@sgslattorneys.com

**Brain Leedy**
    Email: brian@sgslattorneys.com

**Jacob Rasch-Chabot**
    Email: jacob_rasch-chabot@fd.org

**Patrick Toomey**
    Email: ptoomey@aclu.org

**Warren Williamson**
    Email:  Rick_Williamson@fd.org

**David B. Savitz**
    Email: savmaster@aol.com

**Mitchell Baker**
    Email: mitchbaker@estreet.com

                                          *s/ Maureen Carle*
                                          Maureen Carle
                                          Legal Assistant
                                          United States Attorney's Office
                                          1801 California Street, Suite 1600
                                          Denver, Colorado 80202
                                          Telephone: 303-454-0100
                                          Email: Maureen.Carle@usdoj.gov