**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:12-cr-00033-JLK-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. JAMSHID MUHTOROV,

     Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR
EVIDENTIARY HEARING AND FOR COURT ORDER REQUIRING THE
UNITED STATES MARSHALS AND COURT SECURITY OFFICERS TO
RELEASE ALL REPORTS AND VIDEO SURVEILLANCE REGARDING
JUNE 14, 2018 INCIDENT**

---

The United States of America, by and through Greg Holloway, Assistant

United States Attorney for the District of Colorado, hereby responds to Defendant

Muhtorov's Motion for Evidentiary Hearing and for Court Order Requiring the

United States Marshals and Court Security Officers to Release all Reports and

Video Surveillance Regarding June 14, 2018 Incident (Doc. # 1889) and states

as follows:

     The defendant's motion implying that there is a "strong likelihood" for a

mistrial is manufactured out of security concerns created by the misconduct of

the defendant and his family.  Concerns about security, especially in light of

1

outbursts during trial by the defendant and his family, do not equate to "inherent bias."  The jurors impacted by this incident did exactly as instructed by the Court when improperly contacted by the defendant's wife.  They reported their concerns to both the Court and security.  There is no indication that the impacted jurors talked about the facts of the case or that their evaluation of the facts in the case would be impacted.

While the government's concern may be premature, the defendant's reasoning for a "strong likelihood" for a mistrial appears to blame the Court, court security, and ultimately the jurors of bias without a basis in either fact or law.  The proper course of action is for the Court to investigate with each impacted juror individually as to whether they can remain impartial as originally instructed by the Court.  So long as jurors indicate that they can remain impartial, there is no grounds for them to be excused and there are no grounds for a mistrial.  *United States v. Dehertogh*, 696 F.3d 162, 164-167 (1st Cir. 2012) (no prejudice though defendant's alleged partner in crime was observing and smiling in courtroom because court appropriately investigated the incident and jurors said they could remain impartial); *United States v. Kennedy*, 707 F.3d 558, 569 (5th Cir 2013) (no prejudice though defendant made improper contact with jurors outside courtroom because each juror stated his or her ability to remain impartial).

When impacted jurors state an ability to be impartial, there is no basis for a mistrial even in cases where jurors are threatened or confronted by a defendant's family members. *United States v. Corrado*, 304 F.3d 593, 604-05 (6th Cir. 2002) (no prejudice thought 2 jurors felt anxiety as result of threatening phone calls because they informed court they could be impartial); *United States v. Harris-Thompson*, 751 F.3d 590, 598 (8th Cir. 2014) (no prejudice when jurors were confronted by defendant's family members because jurors claimed they could still be impartial).

Because deliberations have begun, the Court should inquire with the affected jurors as to their ability to remain impartial. Neither party – the defendant nor the government – should be permitted to ask questions of the impacted jurors. While the evidentiary hearing requested by the defendant as to the actions of the Court and court security may be useful to determine the propriety of Mrs. Muhtorova's contact with the impacted jurors, the government is concerned that such a hearing is a disingenuous attempt to accuse the Court, court security and the affected jurors of bias. Again, concerns about security do not equate to bias especially in light of the actions of the defendant and his family in this case.

WHEREFORE, the government requests the Court proceed in a manner consistent as described above.

Respectfully submitted this 18th day of June, 2018.

ROBERT C. TROYER
United States Attorney

By:  *s/Greg Holloway*
GREG HOLLOWAY
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: Gregory.Holloway@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2018, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING AND FOR COURT ORDER REQUIRING THE UNITED STATES MARSHALS AND COURT SECURITY OFFICERS TO RELEASE ALL REPORTS AND VIDEO SURVEILLANCE REGARDING JUNE 14, 2018 INCIDENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:


**Mitchell Baker      mitchbaker@estreet.com, emboehme@gmail.com**

**David Barry Savitz      savmaster@aol.com, davidbsavitz@gmail.com, tbirdthompson@gmail.com**

**Warren Richard Williamson      Rick_Williamson@fd.org, cecilia_hernandez@fd.org, co.ecf@fd.org**

**Kathryn J. Stimson      kstimson@hmflaw.com**

**Brian Rowland Leedy      bleedy@hmflaw.com**

**Emily Elizabeth Boehme      emboehme@gmail.com**


_s/Greg Holloway_
GREG HOLLOWAY
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202