# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:12-cr-00033-JLK-01

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

**1. JAMSHID MUHTOROV,**

2. BAKHTIYOR JUMAEV,

    Defendants.

---

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT AND OBJECTIONS TO THE ADVISORY GUIDELINE RANGE

---

COMES NOW, the government by and through the undersigned Assistant U.S. Attorney Greg Holloway, and submits the following response to Defendant Jamshid Muhtorov's Sentencing Statement [Doc. 1949] and Objections to the Presentence Report [Doc. 1951] and states as follows:

In his sentencing statement and objections to the Presentence Report, Defendant Muhtorov's arguments attempt to recast the facts underlying his convictions. In doing so, the defendant's arguments ignore common sense application of the facts to the guidelines at issue. Specifically, the defendant's arguments about U.S.S.G. § 2M5.3(b)(1)(E), U.S.S.G. § 3A1.4 and U.S.S.G. § 3E1.1 are unpersuasive in that they

each avoid a common sense application of the guideline with the facts of the instant case.

## A. The Advisory Sentencing Guidelines

### 1. Application of U.S.S.G. § 2M5.3

The defendant's argument about application of this guideline attempts to distance his criminal actions leading to conviction from a common sense reading of the applicable guideline. In particular, § 2M5.3(b)(1)(E) provides for a two level increase if the offense involved the provision of "funds or other material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act."

The facts of this case show the defendant certainly had reason to believe that the support he endeavored to provide, both money and himself, would be used to commit or assist in committing violent acts. The defendant was in contact with the IJU. He knew what their activities were and stated his clear support for those very activities to both the CHS and his co-defendant Jumaev. *See* GEX 127A; 129A; 149A (discussing with Jumaev his desire to go participate at the "wedding"); GEX 144A (discussing with Jumaev the importance of helping the IJU financially); GEX 158A (telling the CHS why and how the IJU's goals and the use of violence are the correct way of believing).

The defendant's own emails with the IJU also show his commitment to assist them even if it involved violent acts. In his pledge to the terror group, the defendant clearly told them that he was "ready for any task, even if it means the risk of death." GEX 107A. This evidence shows unequivocally that the defendant's actions were done

2

with "intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act." Accordingly § 2M5.3(b)(1)(E) applies.

### 2. Application of U.S.S.G. § 3A1.4

Likewise, the defendant's argument about the application of this guideline ignores the facts underlying his convictions. Defendant Muhtorov was in contact with the IJU and spoke to witnesses about his efforts to support the terrorist group. *See* GEX 107A, GEX 111A, GEX 112A (emails with IJU and defendant where defendant is promising support); GEX 157A (call with CHS where defendant describes collecting money for the IJU). He also explained to others his motivation for supporting the IJU and their beliefs and goals, including taking revenge on the Uzbek and United States governments. GEX 151A (explaining to Mustafa his hatred for the Uzbek government); GEX 152A (singing jihad chant about Uzbekistan with Nargiza); GEX 156A (states to CHS that focus on Uzbekistan is too narrow, should clear the world from pagans and infidels); GEX 167A (telling CHS he is disgusted for being in a country that is at war with Muslims).

Given these facts, the defendant's actions satisfy the "involved" prong of the terrorism enhancement with what he stated were his own motivations for supporting the IJU.

The evidence shows the defendant intended to promote the provision of material support to the IJU as well. The defendant plainly did so with his co-defendant Jumaev. GEX 125A, 127A, and 124A. The defendant also told the CHS about his promotion of providing support to the IJU. GEX 168A. It should be recognized that even if the

3

defendant were to have performed only propaganda with the IJU (even though he aspired to participating in the fighting), the guideline would still apply as doing so is the intent to promote a federal crime of terrorism. GEX 168A.

Based on the facts of the defendant's conviction, § 3A1.4 applies.

### 3. Application of U.S.S.G. § 3E1.1

Given that the defendant proceeded to trial, his argument regarding application of the reduction for acceptance of responsibility is not supported by the reasoning found in the application notes. There was no acceptance of responsibility in this case by the defendant as provided for under this guideline section.

### B. The Statutory Sentencing Factors under 18 U.S.C. § 3553(a)(2)

When considering the factors for a statutory sentence under 18 U.S.C. § 3553(a)(2), the appropriate sentence is not the time served sentence requested by the defendant.

Under 18 U.S.C. § 3553(a)(2), the sentence must: (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant; and, (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Considering each of these factors, the most appropriate sentence for the defendant in this case is 30 years.

1. **Seriousness of the Offense, Respect for the Law, Just Punishment for the Offense**

    The defendant's crimes are serious. He persistently professed his desire to support violent jihad; and these statements were accompanied by his actions in support of the IJU. This Court should reject any attempt to characterize his crimes as minimal or insignificant. His crimes are far from insignificant. The defendant was in regular contact with a terrorist group and, even by his own testimony, he performed tasks at the IJU's request in an effort to "earn their trust". These facts are alarming and most certainly make the offense serious.

    Moreover, the defendant's actions in recruiting other people to assist him in his support of the IJU is significant. He provided the vehicle for his co-defendant to support the IJU and attempted to enlist others in support of the terrorist group as well, including the CHS.

    Given the seriousness of the offense and nature of the defendant's actions and plans, a sentence of 30 years provides just punishment and promotes respect for the law.

2. **Deterrence and Protection of the Public**

    Tragically, history provides far too many examples of persons who radicalize to violence through online contact just as the defendant did with the IJU. While our basic faith in human nature encourages us not to leap to such horrific assumptions, our duty to protect the public cautions that we cannot avoid such considerations. Indeed there is a large amount of media interest in this case; and, to those contemplating support of

terrorism for whatever reason – be it focused overseas or domestically – a sentence of 30 years will provide proper deterrence.

There is also a need to address the defendant's proclivity to influence and manipulate others into criminal behavior. Had the defendant made his trip without being arrested, there is no telling what would have resulted. The government believes that his efforts to convince others to support the IJU needs to be considered in evaluating a proper sentence that adequately protects the public.

### 3. Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment

The government would defer to the Court and defense as to any analysis under this need.

### C. The Defendant's Conduct prior to 2007

The defendant's filings include a rather exhaustive analysis of who he was before coming to the United States in 2007. They describe his previous work as a human rights defender in Uzbekistan and discuss incidents related to the Uzbek government. The Court can and should consider these factors as provided for under 18 U.S.C. § 3553(a)(1). However, these factors must not be overemphasized – especially in light of the fact that they significantly pre-date the defendant's crimes. It must also be observed that the defendant, given this history, knew of noble ways in which to help people. He could have used his energies and talents to support his former colleagues or other human rights efforts. Instead, the defendant chose to support violent terrorists and commit the crimes for which he was convicted.

## Conclusion

Given all of these factors, the government believes a sentence of 30 years best accomplishes all of the competing factors detailed in the probation officers report and submissions of the parties.

ROBERT C. TROYER
United States Attorney

s/ Gregory Holloway
Gregory Holloway
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0406
Email: Gregory.Holloway@usdoj.gov
Attorneys for the Government

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2018, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT AND OBJECTIONS TO THE ADVISORY GUIDELINE RANGE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Kathryn Stimson
    Email: kstimson@hmflaw.com
Brain Leedy
    Email: bleedy@hmflaw.com
Jacob Rasch-Chabot
    Email: jacob_rasch-chabot@fd.org
Patrick Toomey
    Email: ptoomey@aclu.org
Warren Williamson
    Email: Rick_Williamson@fd.org
David B. Savitz
    Email: savmaster@aol.com
Mitchell Baker
    Email: mitchbaker@estreet.com

    s/ Gregory Holloway
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: 303-454-0100
    Fax: 303-454-0406
    Email: Gregory.Holloway@usdoj.gov
    Attorney for the Government